**Gary BOLDEN, Plaintiff–Appellant,**

**v.**

**THE CITY OF NEW YORK, New York City Department of Corrections, Rudolph Giuliani, individually and as Mayor of the City of New York, Alan Vengersky, individually and as Assistant Commissioner of the New York City Department of Corrections, and the State of New York Defendants–Appellees.**

**No. 05–1363–CV.**

United States Court of Appeals, Second Circuit.

Oct. 26, 2005.

Gary Bolden, Brooklyn, NY, for Appellant.

Cheryl Payer, Assistant Corporation Counsel (Stephen J. McGrath, Assistant Corporation Counsel, Michael A. Cardozo, Corporation Counsel, on the brief), New York, NY, for Appellees, of counsel.

PRESENT: JACOBS, OAKES, and SACK, Circuit Judges.

## SUMMARY ORDER

Gary Bolden appeals from a November 16, 2004 judgment of the United States District Court for the Southern District of New York (Berman, *J.*) granting Appellees' motion for summary judgment and a December 29, 2004 order denying reconsideration. Bolden, who is black, brought claims pursuant to 42 U.S.C. §§ 1981 and 1983 and city and state statutes alleging that Appellees—the City of New York, New York City Department of Corrections, Mayor of the City of New York, and Alan Vengersky as Assistant Commissioner of the DOC—had violated his Due Process rights by terminating his employment without an administrative hearing and had subjected him to unlawful discriminatory practices because of his race. These claims arose out of Bolden's termination from his employment pursuant to Public Officers Law § 30(1)(e) after his conviction on federal charges of filing fraudulent tax returns.

█ 1. Bolden alleges that the district court erred in denying his motion to amend his complaint to assert claims for religious discrimination and "freedom of association." We review a district court's denial of leave to amend a complaint for abuse of discretion. *See Koehler v. Bank of Bermuda (New York) Ltd.*, 209 F.3d 130, 138 (2d Cir.2000). "[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause

.... [;] a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000). Bolden provided no plausible explanation for his failure to seek timely to amend his complaint after he discovered the facts underlying his new claims. The district court thus did not abuse its discretion in determining that he failed to demonstrate good cause. Further, despite declining to grant leave to amend, the District Court considered and decided the merits of Bolden's religious discrimination claim.

2. Bolden asserts that the district court erred in denying his request for further discovery. We review a district court's discovery rulings for abuse of discretion. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.2004). "A district court abuses its discretion when the action taken was improvident and affected the substantial rights of the parties." *Id.* at 51 (internal quotations omitted). The Appellees were deposed; responded to three sets of interrogatories, five sets of document requests, and one set of requests for admissions; and provided Bolden with copious relevant documents. In this light, the district court properly relied upon the Appellees' assertion that they had provided Bolden with "the complete investigative files pertaining to [him] and all similarly situated individuals" and thus did not abuse its discretion in closing discovery.

3. Bolden alleges that the district court erred in granting Appellees' motion for summary judgment. We review orders granting summary judgment *de novo. See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). In order to prevail on a selective enforcement claim, a plaintiff must demonstrate that (1) he was selectively treated compared with others similarly situated, and (2) such selective

treatment was based on impermissible considerations (in this case race and religion). *See Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir.2001). Since all corrections officers similarly situated to Bolden received substantially similar treatment (i.e., automatic termination), Bolden has failed to establish that he was selectively prosecuted because of his race or his religion.

We have considered Bolden's remaining arguments and find each of them to be meritless.

For these reasons, the decision of the district court is AFFIRMED.